**Ricky K. INOUYE, Plaintiff,**

and

**Zenn K. Inouye, Personal Representative of the Estate of Ricky Kenichi Inouye, aka Ricky K. Inouye, deceased, Plaintiff—Appellant,**

v.

**Michael KEMNA; Lucianne Khalaf; Daniel H. Shimizu; Peter B. Carlisle; City and County of Honolulu; Mark Nanamori, Defendants—Appellees.**

No. 06–15474.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2007.

Filed Sept. 7, 2007.

Walter R. Schoettle, Esq., Honolulu, HI, for Plaintiff–Appellant.

Moana A. Yost, City & County Of Honolulu, Corporation Counsel, Office of Corporation Counsel, Kendall J. Moser, AGHI–Office of the Hawaii Attorney General, Marie Manuele Gavigan, Office of Corporation Counsel, Honolulu, HI, for Defendants–Appellees.

Before: THOMPSON, BERZON, and TALLMAN, Circuit Judges.

### MEMORANDUM *

Inouye asserts that Honolulu police officer Michael Kemna searched him in violation of the Fourth Amendment, leading to an invalid arrest.[1] On August 1, 2005, the district court granted summary judgment against Inouye. Our review is de novo, *Blankenhorn v. City of Orange,* 485 F.3d 463, 470 (9th Cir.2007), and we must make all inferences of fact in favor of the non-moving party, Inouye. *Id.* So construed, the pertinent facts are: On June 7, 2001, Inouye refused to leave his hotel room after check-out time and Officer Kemna

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In the district court, Inouye alleged that this arrest also violated his rights under the Fifth and Fourteenth Amendments and also included claims of malicious prosecution and false imprisonment. He did not raise these contentions in his opening brief before this Court, so we do not consider them. *Seven Words LLC v. Network Solutions,* 260 F.3d 1089, 1097 (9th Cir.2001).

was summoned. Inouye emerged from his room with red, glassy eyes and appeared to Kemna to be on drugs or mentally ill. His hands were thrust into his pockets, leading Kemna to attempt to frisk him. After Inouye repeatedly attempted to evade this frisk, Kemna reached into Inouye's pockets, found a glass methamphetamine pipe, and arrested him. Assuming these facts, we affirm.[2]

■ Because Inouye's reaction to the attempted frisk ultimately led to his arrest, Kemna must first be able to show he had reasonable suspicion justifying his attempt to frisk Inouye. Kemna "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Kemna, who had been trained to view concealed hands as a serious safety risk, was "warranted in the belief that his safety or that of others was in danger" and therefore had the requisite reasonable suspicion. *Id.* at 27, 88 S.Ct. 1868; *see also Illinois v. Wardlow*, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) ("[N]ervous, evasive behavior is a pertinent factor in determining reasonable suspicion.").

■ Again, taking the facts as Inouye alleges them to be, Kemna did not complete his frisk because of Inouye's attempts to evade him. This evasion, coupled with Inouye's drugged appearance, refusal to remove his hands from his pockets, and Kemna's police department training emphasizing that weapons may well be concealed in such a case, justified Kemna's reach into Inouye's pockets once his attempt to perform a less intrusive frisk had failed. "When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close

range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm." *Terry*, 392 U.S. at 24, 88 S.Ct. 1868. Although *Terry* searches usually should stop at a pat-down, they may be somewhat more intrusive as the situation warrants: for instance, reaching into the car window of a potentially armed suspect to remove a gun from his waistband was a justifiable *Terry* search. *Adams v. Williams*, 407 U.S. 143, 144–47, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Reaching into Inouye's pockets was a reasonable step under *Adams* and *Terry*.

■ Once Kemna had found the pipe, he clearly had probable cause to arrest Inouye for the state law offenses of promoting a dangerous drug in the third degree and for unlawful use of drug paraphernalia. That the initial search occurred for a different reason is of no moment. *Arkansas v. Sullivan*, 532 U.S. 769, 770–71, 121 S.Ct. 1876, 149 L.Ed.2d 994 (2001) (per curiam) (motives of police officers are irrelevant provided that initial stop is proper). We therefore find no constitutional violation.

As Kemna committed no constitutional violation and no unconstitutional policy governing his actions is alleged, his employers, the City and County of Honolulu, cannot be liable for his actions. *See Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The district court's grant of summary judgment for Kemna and Honolulu is affirmed.

**AFFIRMED.**

---

**2.** Inouye also raised unrelated First Amendment claims in this suit, which we address in an opinion filed concurrently with this memorandum disposition.

Plaintiff–Appellant Inouye shall bear the costs of this claim on appeal.